# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

JESSIE PILLETTE,

    Plaintiff,

v.

COUNTY OF OTSEGO,
OTSEGO COUNTY SHERIFF'S
DEPARTMENT,
MICHAEL ANTHONY,
GLENN CRANE,
NICKOLAS F. CAVANAUGH,
KEVIN L. HESSELINK,

    Defendants.
_____/

CASE NO. 08-CV-11176

DISTRICT JUDGE ANNA DIGGS TAYLOR
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this action be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.[1]

### II. REPORT

    **A.    Introduction**

On March 19, 2008, Jessie Pillette, a state prisoner incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed the instant action seeking an order authorizing him to depose certain state and county officials in order to obtain their sworn testimony prior to the filing of a

---

[1] In the event that this Report and Recommendation is adopted, the following motions will be moot: Plaintiff's Motion to Appoint Counsel (Dkt. 3); Plaintiff's Motion for Alternate Service (Dkt. 4); and Plaintiff's Motion to Compel Testimony and Order Issuance of Summons (Dkt. 5).

civil rights action against them.² On March 24, 2008, the case was referred to the undersigned magistrate judge. On April 14, 2008, Plaintiff's³ application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 was granted. After screening the initial pleading, a Report and Recommendation is warranted.

**B.      Screening Requirement**

Pursuant to the *in forma pauperis* statute, in all cases where a litigant is authorized to proceed without prepayment of the filing fee, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

When the court screens an action where a litigant is proceeding without the assistance of counsel, it is required to liberally construe the pleading and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**C.      Rule 27**

Rule 27 of the Federal Rules of Civil Procedure, entitled "Depositions to Perpetuate Testimony," states in pertinent part as follows:

(a) Before an Action Is Filed.

(1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to

---

²The initial pleading was docketed as a prisoner civil rights complaint despite its unambiguous caption declaring that it is a "Petition for a Deposition to Perpetuate Testimony Before an Action Pursuant to Fed. R. Civ. P. Rule 27(a)(1)(A)."

³Although under Rule 27, Pillette should technically be referred to as the "petitioner" in this action, I will use the term "plaintiff" to remain consistent with the docket.

perpetuate their testimony. The petition must be titled in the petitioner's name and must show:

>   (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
>   (B) the subject matter of the expected action and the petitioner's interest;
>
>   (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
>   (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
>   (E) the name, address, and expected substance of the testimony of each deponent.
>
> . . . .
>
> (3) Order and Examination. If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories.

FED. R. CIV. P. 27(a). Thus, subsection (a)(3) sets forth the standard for the grant of such a petition – it must be necessary in order to prevent a failure or delay of justice.

In *Kunimoto v. Lehman*, No. 96MS232, 1996 WL 622094 (D.D.C. Oct. 16, 1996), the court explained that,

> [t]o satisfy the court that the testimony is needed to protect against a failure or delay of justice, the great weight of authority requires the petitioner to show that there is a risk of loss of the desired testimony. *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995) (indicating that Rule 27 requires a showing that there is "an immediate need to perpetuate testimony" and that "petitioner must establish danger that testimony may be lost") (citations omitted); *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975) (indicating that Rule 27 only applies "in that special category of cases where it is necessary to prevent testimony from being lost"); *In re Hopson Marine Transportation, Inc.*, No. 96-2300, 1996 WL 547467 (E.D. La. Sept. 24, 1996) ("The rule was intended to apply to situations in which testimony might be lost to a prospective litigant unless taken immediately, without having to wait for

3

a lawsuit or other legal proceeding to commence."); *In re Application of Checkosky*, 142 F.R.D. 4, 6-8 (D.D.C. 1992) (indicating that the "purpose of Rule 27 is simply to preserve evidence that otherwise would be in danger of being lost" and that "most courts have held that a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action"). The common situation in which a Rule 27 deposition is appropriate is where there is a risk that a witness will be unavailable at the time of trial, either because of age or infirmity. *Penn. Mut.*, 68 F.3d at 1374; *In re Petition of Banks*, No. 93-C-6914, 1993 WL 502379 (N.D.Ill. Dec. 6, 1993) ("Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured an in danger [of] dying.").

*Id.* at *2.

**D. Discussion**

Plaintiff states in the instant petition that he has pending a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2004 state court convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and carrying a weapon with an unlawful intent, Mich. Compl. Laws § 750.226. (Dkt. 1 at A4; *see also* E.D. Mich. Case No. 06-CV-14511). He states that, once he prevails on his habeas claims, it "will open the door for the two year statute of limitations for wrongful imprisonment to begin to run . . . ." (Dkt. 1 at A4.) Therefore, he explains that he needs to take the depositions of the Otsego County Prosecutor and several Otsego County Sheriff's Deputies now because he cannot bring a civil rights action against them under 42 U.S.C. § 1983,

> alleging violations of U.S. Const. Am. IV, for Police Misconduct, the Fabrication of Evidence, Witness Tampering, Evidence Tampering, Falsifying Legal Documents, Perjury and/or Subornation of Perjury, Wrongful "Conviction" and/or Imprisonment until after first having establish[ed] through testimonial evidence the "facts" and the "evidence" to support such serious claims, or he himself would be no more guilty of such evil doings as those named herein as adverse parties.

(Dkt. 1 at A3.) He states that he has no other means to "investigate" his civil rights claims because of his incarceration. (*Id.* at A3-A4.)

4

Plaintiff does not, however, allege or demonstrate that the testimony of any of these potential future "adverse parties" is in danger of being lost if he is not allowed to depose them now. Furthermore, courts have held that Rule 27 cannot be used as a vehicle for pre-suit discovery in order to comply with the obligation under Rule 11 that a complaint's "factual contentions have evidentiary support," FED. R. CIV. P. 11(b)(3), *see In re Petition of Landry–Bell*, 232 F.R.D. 266 (W.D. La. 2005), or to gather information to support a complaint. *See In re Petition of Ford*, 170 F.R.D. 504 (M.D. Ala. 1997). Accordingly, because Plaintiff has not set forth any facts which would allow this Court to determine that granting the petition was necessary to "prevent a failure or delay of justice," FED. R. CIV. P. 27(a)(3), I suggest that the case be dismissed because it fails to state a claim upon which relief can be granted.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                          s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: April 14, 2008                                    United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on District Judge Taylor, and served on Jessie Pillette, #427155, at E.C. Brooks Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI, 49444-2665, by first class mail.

Date:  April 14, 2008                            By     s/Jean L. Broucek
                                                        Case Manager to Magistrate Judge Binder